**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **Bankr. Case No. 24-31596** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **GAYLE HEARD ET AL.,** | § | **Case No. 4:25-cv-05584** |
| | § | |
| **Appellants.** | § | |

## APPELLEE BRIEF OF ALLIED WORLD INSURANCE COMPANY

**WERNER AHARI MANGEL LLP**
Justin S. Levy
Tex. Bar No. 24078852
S.D. Tex. No. 1673395
4514 Cole Ave., Suite 600
Dallas, TX 75205
(202) 599-1131
jlevy@wam.law

*Attorneys for Allied World Insurance
Company*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, Allied World Insurance Company makes the following disclosure:

Allied World Insurance Company is wholly owned by Allied World Assurance Holdings (U.S.) Inc., a Delaware corporation.

Allied World Assurance Holdings (U.S.) Inc. is wholly owned by Allied World Assurance Holdings (Ireland) Ltd., a Bermuda corporation.

Allied World Assurance Holdings (Ireland) Ltd. is wholly owned by Allied World Assurance Company, Ltd., a Bermuda corporation.

Allied World Assurance Company, Ltd. is wholly owned by Allied World Assurance Company Holdings I, Ltd., a Bermuda corporation.

Allied World Assurance Company Holdings I, Ltd. is wholly owned by Allied World Assurance Company Holdings, Ltd., a Bermuda corporation.

Allied World Assurance Company Holdings, Ltd. is owned approximately 83% by 1102952 B.C. Unlimited Liability Company, a British Columbia company, approximately 11% by OCM Goldfish Inc., a Canadian company, and an aggregate of approximately 6% by other minority investors.

i

OCM Goldfish Inc. is wholly owned by OMERS Administration Corporation, a Canadian company. No publicly held company owns 10% or more of OMERS Administration Corporation.

1102952 B.C. Unlimited Liability Company is wholly owned by Fairfax Financial Holdings Limited, a Canadian corporation publicly traded on Toronto Stock Exchange.

No publicly held company owns 10% or more of 1102952 B.C. Unlimited Liability Company.

# **TABLE OF CONTENTS**

I.   STATEMENT OF THE CASE ..............................................................................1

II.  SUMMARY OF THE ARGUMENT ...............................................................3

III. ARGUMENT ........................................................................................................4

    A. Allied World Has Not Assumed Full Financial Responsibility For
        Defending Appellants' Class Actions .........................................................4

    B. Allied World Is Entitled To Oppose Appellants' Claims, If They Are
        Permitted To Assert Them .........................................................................9

CONCLUSION .........................................................................................................10

CERTIFICATE OF COMPLIANCE.....................................................................11

CERTIFICATE OF SERVICE ..............................................................................11

iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Green v. Auto Club Group Insurance Co.*,
24 So. 3d 182 (La. 2009) .................................................................................8

*In re Curtis*,
40 B.R. 795 (Bankr. D. Utah. 1984) ....................................................... 4, 5, 6, 7

*In re New York Medical Group, P.C.*,
265 B.R. 408 (Bankr. S.D.N.Y. 2001) ..............................................................5

*In re R.J. Groover Construction, L.L.C.*,
411 B.R. 460 (Bankr. S.D. Ga. 2008) ...............................................................5

*In re Risis*,
2025 WL 947185 (Bankr. D.N.J. Mar. 27, 2025) ...............................................5

*In re Xenon Anesthesia of Texas, PLLC*,
510 B.R. 106 (Bankr. S.D. Tex. 2014) ..............................................................5

*United Home Care, Inc. v. Simpson*,
351 So. 3d 904 (La. Ct. App. 2022) ..................................................................8

**Statutes**

Louisiana Statutes Annotated § 22:1269 ...................................................... 2, 7, 8

## I.    STATEMENT OF THE CASE

Appellants seek review of the Bankruptcy Court's denial of their opportunistic attempt to pursue the proceeds of malpractice policies issued to the debtor. Allied World Insurance Company ("Allied World") issued now expired claims-made malpractice insurance policies to Debtor MMA Law Firm, PLLC ("MMA") and its former attorneys. App'x for Br. of Appellants, D.E. 7-1 ("Appellants' App'x"), at 51.

Before MMA filed its bankruptcy proceeding in 2024, former clients of MMA filed malpractice suits against Allied World's insureds. *See id.* at 60 (referring to the "Pending Civil Proceedings"). In some of those suits, Allied World agreed to defend the insured defendants while reserving Allied World's rights to deny coverage. *See id.* (same). None of those suits or insurance claims involved Appellants.

During the bankruptcy proceeding, this Court concluded that the Allied World policy proceeds are not property of the bankruptcy estate. *Id.* at 51-54, 56-57. Thereafter, on September 10, 2025, the Bankruptcy Court entered an Order acknowledging Allied World's rights to use the policy proceeds to pay covered loss for amounts incurred in the covered malpractice suits against the insureds. *Id.* at 60.

The Bankruptcy Court's Order does not determine "whether the [Allied World] Policies provide coverage for any alleged Claim, Claim Expenses, and/or Damages, and all rights continue to be reserved regarding all issues involving coverage under the Policies." *Id.* Likewise, the Order does not "modify or alter the

1

rights and obligations provided for under the terms, definitions and provisions of the Policies." *Id.*

Appellants are named plaintiffs in class actions that assert malpractice claims against non-debtor law firms. Allied World's App'x at 134-35. Appellants contend that MMA also represented them. *Id.* at 137.

After the Bankruptcy Court entered its September 10, 2025 Order, Appellants filed a motion for relief from the automatic stay. *See id.* at 134. They seek to add MMA as a purported "nominal" defendant to the class actions, assert claims against MMA's malpractice insurers, and enforce a judgment against the proceeds of the malpractice policies. *Id.* at 134-35.

In their motion, Appellants state their belief that Allied World's malpractice policies cover Appellants' proposed claims against MMA. *Id.* at 139. Appellants also argue that Allied World "assumed full responsibility" for those claims because of Louisiana Revised Statute § 22:1269 (the "Direct Action Statute"). *Id.* at 141-42.

Allied World disputes Appellants' contentions. Simply put, there is no evidence in the record to support their assertion that the Allied World policies would cover Appellants' proposed claims. *Id.* at 176. Quite the opposite, Allied World anticipates "very substantial [coverage] issues" if Appellants obtain stay relief and assert any claim against MMA. *Id.*; Appellants' App'x at 21:5-12. Allied World thus

reserves the right to dispute and deny coverage for Appellants' claims. Allied World's App'x at 176; Appellants' App'x at 21:5-20.

In response to Allied World's arguments, Appellants confirmed that they are not attempting to prove insurance coverage in connection with the stay relief motion. Allied World's App'x at 503. They also agreed that any order granting their motion should acknowledge Allied World's rights to deny coverage. *Id.*

The Bankruptcy Court denied Appellants' motion. Appellants' App'x at 1. This appeal followed. Appellants' Br. at 5-6.

Appellants' Brief contains the same conclusory assertion that Appellants believe coverage exists for the class actions, and Appellants still argue that they are entitled to stay relief because of Louisiana's Direct Action Statute. *Id.* at 5, 11, 16.

Appellants' Brief fails to mention the relevant concessions made in Appellants' prior reply brief. It omits Appellants' acknowledgment that they do not seek any coverage determination pursuant to their stay relief motion and that Appellants agree Allied World is entitled to oppose their claims.

## II.    SUMMARY OF THE ARGUMENT

Allied World files this Brief to address two issues. *First*, Appellants are not entitled to stay relief based on Allied World's purported assumption of "full responsibility" for Appellants' proposed claims against MMA in the class actions. Allied World has not agreed in advance to defend (or otherwise provide coverage

for) those claims. Nor does Louisiana's Direct Action Statute guarantee coverage for those claims.

*Second*, Appellants neither requested that the Bankruptcy Court adjudicate coverage under the Allied World policies for their proposed claims against MMA, nor are they requesting that the Court make such a coverage determination in this appeal. If the Court reverses the Bankruptcy Court's Order, Allied World requests that the Court acknowledge Allied World's rights to dispute coverage, including for defense costs, relating to Appellants' claims. Allied World's defenses include, but are not limited to, its right to deny defense and indemnity coverage for any claims against MMA.

### III.   <u>ARGUMENT</u>

#### A. Allied World Has Not Assumed Full Financial Responsibility For Defending Appellants' Class Actions

Appellants contend that the factors stated in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah. 1984) support their requested relief from the automatic stay. Appellants' Br. at 14-18. According to them, one of the "Curtis Factors" that required the Bankruptcy Court to lift the automatic stay is "whether debtor's insurer has assumed full responsibility" for the class actions. *Id.* at 14, 16. Appellants do not correctly frame this Curtis Factor ("Factor 5").

Their description of Factor 5 is not based on *In re Curtis* itself. Appellants' Br. at p. 14. Instead, Appellants cite to a different opinion that attempted to summarize

4

Factor 5. *Id.* (citing *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)). Appellants' cited opinion appears to have inadvertently oversimplified Factor 5 because the Factor was irrelevant to the requested relief in that case (lifting the automatic stay to pursue a criminal contempt motion against a non-debtor). *See In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. at 110, 112.

*In re Curtis* describes Factor 5 as "[w]hether the debtor's insurance carrier has assumed full financial responsibility *for defending the litigation*." *In re Curtis*, 40 B.R. at 800 (emphasis added). Courts applying Factor 5 therefore focus on whether an insurer has agreed to *defend* the debtor in a threatened suit. *See, e.g., In re R.J. Groover Constr., L.L.C.*, 411 B.R. 460, 465 (Bankr. S.D. Ga. 2008) ("[T]he estate will not suffer any cost in defending the suit since [the insurer] has assumed the defense for the debtors in the underlying state court litigation"); *In re New York Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) ("In addition, the debtor's insurer is already defending the doctors, and will also defend the debtor."); *see also In re Risis*, No. 24-22714, 2025 WL 947185, at *2 (Bankr. D.N.J. Mar. 27, 2025) ("No party has shown that an insurer will defend the Debtor."). The concern addressed by Factor 5 is whether the bankruptcy estate would be financially responsible for the cost and expense of the threatened suit. *See In re Curtis*, 40 B.R. at 805 ("With regard to the question of costs, there is no insurance carrier involved

in this case and all costs and expenses of litigation must be borne by the respective parties.").

Here, Allied World has not agreed in advance to defend MMA in Appellants' class actions. As Allied World explained to the Bankruptcy Court, if Appellants were granted relief to assert their proposed claims against MMA, Allied World would then review Appellants' pleadings for coverage. Allied World's App'x at 176. Allied World does not render an advisory position in advance of a claim being made. *Id.*

For their part, Appellants have also not proven that their proposed claims against MMA would be covered under Allied World's malpractice policies. Indeed, Appellants admitted that they are not yet attempting to prove coverage. Allied World's App'x at 503 ("[Appellants] agree that issue [of coverage] cannot be determined here, and may be reserved for adjudication in the [class actions]."); *see also* Appellants' App'x at 25:1-2 (Appellants arguing, "if MMA and its insurers have defenses … then they'll prevail in [the class actions].").

Nor has the Bankruptcy Court ever determined that Allied World's policies would cover any specific claim against an insured. Appellants' App'x at 60; *see also id.* at 117 (emphasis added) ("[T]he automatic stay is lifted to allow Movant to proceed with the Lawsuit for the limited purpose of pursuing … Malpractice Insurance Proceeds *as they may be available to Movant*."). On the contrary, the Bankruptcy Court only has permitted Allied World to exercise its rights in the

6

malpractice suits that Allied World determines are covered. *See* Appellants' App'x at 60.

Appellants may believe that their proposed claims against MMA are similar to different covered malpractice suits against Allied World insureds. *See* Appellants' Br. at 11, 19. But their belief is neither evidence of an agreement by Allied World nor an adjudication of coverage regarding Appellants' claims. *See In re Curtis*, 40 B.R. at 800.

Finally, Appellants miss the mark when they argue that Allied World has "assume[d] full responsibility under the circumstances" pursuant to Louisiana's Direct Action Statute. Appellants' Br. at 16. Appellants are referring to language in the Statute stating that "insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages." *Id.* (citing La. Stat. Ann. § 22:1269(A)). But Allied World has not taken the position that MMA's insolvency releases Allied World from any obligation it may have to pay covered loss. Allied World has instead attempted to pay covered loss notwithstanding MMA's bankruptcy proceeding. *See, e.g.*, Appellants' App'x at 60.

In any event, the statutory language upon which Appellants rely does not show that Allied World has actually assumed responsibility for the class actions. When applicable, the Direct Action Statute grants "a *procedural* right of action against an insurer where the plaintiff has a substantive cause of action against the insured."

7

*Green v. Auto Club Group Ins. Co.*, 24 So. 3d 182, 184 (La. 2009) (emphasis added); *accord* La. Stat. Ann. § 22:1269(A) ("an action may thereafter be maintained within the terms and limits of the policy by the injured person").

Nowhere does the Statute guarantee coverage for a plaintiff's claim when the plaintiff is able to exercise that procedural right. The Statute instead states that an insurer may oppose a claim brought against it. La. Stat. Ann. § 22:1269(C) ("[A]ny action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured"); *see also United Home Care, Inc. v. Simpson*, 351 So. 3d 904, 909 (La. Ct. App. 2022) (citations omitted) ("The statute does not extend the protection of the liability policy to risks that were not covered by the policy or that were excluded thereby.").

Accordingly, Appellants' arguments regarding Factor 5 are without merit. Appellants' request to assert claims against MMA in the class actions presents a substantial risk to the bankruptcy estate. Appellants' App'x at 15:3-4 (MMA arguing, "this estate can't afford [to defend the class actions]. We will be done. And that is harmful to this estate.").

8

**B. Allied World Is Entitled To Oppose Appellants' Claims, If They Are Permitted To Assert Them**

If the Court nonetheless concludes that Appellants are entitled to stay relief, Allied World requests that the Court confirm Allied World's rights to dispute and deny coverage for any claims against MMA.

Appellants previously agreed to similar relief before the Bankruptcy Court, as they clearly were not attempting to prove coverage in connection with their stay relief motion. Allied World's App'x at 503. Appellants' Brief does not explicitly address that earlier agreement. Nor does it address the language in one of the cited Bankruptcy Court Orders stating that there has been no adjudication of coverage for any claim against an Allied World insured. Appellants' App'x at 60. That omission is significant because Appellants state they "have no objection" to different language in the same Order. *See* Appellants' Br. at 19 (referring to the Order's "conditions").

Any coverage dispute regarding Appellants' claims must be resolved in a separate proceeding before a court with competent jurisdiction over that dispute. Allied World generally reserves, and does not waive, all rights under its malpractice policies and applicable law. These rights include, but are not limited to, the right to deny coverage for the class actions. Allied World requests that the Court acknowledge Allied World's rights, if the Court reverses the Bankruptcy Court.

9

## <u>CONCLUSION</u>

Allied World did not fully assume responsibility for defending Appellants' class actions. Therefore, Factor 5 does not support Appellants' request to assert claims against MMA in the class actions.

If the Court is nonetheless inclined to grant Appellants relief from the automatic stay, Allied World requests that the Court acknowledge that there has been no adjudication of coverage regarding Appellants' claims and that Allied World has not waived any defenses or rights relating to those claims (including Allied World's right to deny coverage under the malpractice policies).

Dated: April 3, 2026          Respectfully submitted,

**WERNER AHARI MANGEL LLP**

By: */s/ Justin S. Levy*
Justin S. Levy
Tex. Bar No. 24078852
S.D. Tex. No. 1673395
4514 Cole Ave., Suite 600
Dallas, TX 75205
(202) 599-1131
jlevy@wam.law

*Attorneys for Allied World Insurance Company*

10

## CERTIFICATE OF COMPLIANCE

This brief complies with the type volume limitation of Rule 8015(a)(7)(B) because it contains 2,139 words, including the parts of the brief exempted by Rule 8015(a)(7)(B)(iii).

/s/ Justin S. Levy
Justin S. Levy

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties registered to receive notices via CM/ECF.

/s/ Justin S. Levy
Justin S. Levy

11