**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **CASE NO. 4:25-cv-05584** |
| **MMA LAW FIRM, PLLC** | ) | |
| | ) | **JUDGE ANDREW S. HANEN** |
| **Debtor** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| | ) | **CHRISTINA A. BRYAN** |
| **GAYLE HEARD ET AL.** | ) | |
| | ) | |
| **Appellants** | ) | |

**REPLY BRIEF OF APPELLANTS GAYLE HEARD, JAMIE WHITE, FOREST MARTIN, JIMMIE CORLEY, JEFFREY MILES, PATRICIA TATE, AND JOHN JONES**

**On Appeal from the U.S. Bankruptcy Court for the S.D. of Texas, The Honorable Eduardo V. Rodriguez, Chief U.S. Bankruptcy Court Judge, in the Matter of MMA Law Firm, PLLC, Debtor, Case No. 24-31596, Chapter 11**

Date: ***April 9, 2026***

Respectfully submitted,

**BROOKS GELPI HAASÉ, LLC**

BY:    */s/Leo D. Congeni*

LEO D. CONGENI (LA Bar #25626)
(*attorney-in-charge*)
909 Poydras Street, Suite 2325
New Orleans, Louisiana  70112
Telephone: 504-224-6723
Facsimile:  504-534-3170
Email:  lcongeni@brooksgelpi.com

***Attorneys for Appellants***

Debtor MMA Law Firm, LLC ("MMA" or "Debtor") and Appellants/Plaintiffs have resolved this lift stay proceeding, and are in the process of filing a Stipulation and Agreed Order (the "Stipulation") for this Court's review. Generally, the Stipulation will provide as follows:

- The automatic stay imposed by 11 U.S.C. § 362(a) shall be modified for the sole and limited purpose of allowing MMA to be added as a nominal defendant in the State Court Action and the Federal Court Action by the Plaintiffs. Except as specifically set forth, the automatic stay shall remain in full force and effect.

- Any and all recovery against MMA in the State Court Action and the Federal Court Action by the Plaintiffs, shall be limited solely to applicable insurance proceeds, if any. Under no circumstances shall any recovery be sought or obtained by the Plaintiffs against property of the bankruptcy estate of MMA.

- Nothing in the proposed Stipulation and Order shall be construed to mean that any insurance policy is applicable to the claims asserted in the State Court Action or the Federal Court Action, or that any insurance proceeds are available to satisfy such claims.

- Plaintiffs shall not add Mr. John Zachary Moseley in his individual capacity to the State Court Action or the Federal Court Action or add or name Mr. Moseley in his individual capacity as a party to any other action, including but not limited to the claims pending in the State Court Action or Federal Court Action.

- Upon entry of the Stipulation and Agreed Order, MMA and the Plaintiffs shall file an Agreed Motion to Dismiss the Appeal (Case No. 25-cv-5584) with prejudice within seven (7) days.

- The Parties acknowledge and agree that MMA's status as a defendant in the State Court Action and the Federal Court Action is solely nominal and for the purpose of the Plaintiffs accessing any applicable insurance coverage (if any). MMA shall have no obligation to participate in the defense of the State Court Action or the Federal Court Action.

- Nothing in this Stipulation and Agreed Order shall be construed as an admission of liability by MMA or any other party.

- Nothing in this Stipulation and Agreed Order shall affect the rights (if any) against Krause & Kinsman Trial Lawyers, LLPC ("K&K") or Allied World Insurance Company ("Allied").

- This Court shall retain jurisdiction to enforce the terms of this Stipulation and Agreed Order.

The foregoing stipulations resolve or moot this appeal.

Allied raised two issues in its Brief. [ECF Doc. 9]. First, Allied contends that it has not assumed responsibility for defending Plaintiff's claims. Second, it reserves its rights to dispute insurance coverage for Plaintiff's claims.

Plaintiffs have not argued that lift stay precludes Allied from trying to deny coverage. Indeed, stay relief will actually enable these issues to proceed to conclusion in the appropriate non-bankruptcy forum. The Stipulation makes clear that any order lifting the stay is not meant to be a determination that insurance coverage exists.

Hence, Allied, MMA and Plaintiffs have no dispute.

K&K's Brief, for the most part, raises extraneous issues unrelated to the underlying bankruptcy case.

First, K&K argues that Plaintiffs waived appeal of denial of relief as to K&K. There is nothing to waive. Plaintiffs do not need stay relief as to K&K. As far as

Plaintiffs know, K&K has not filed for bankruptcy relief, so there is no stay applicable to K&K.

Second, the parties are in agreement that K&K will incur "legal costs in defending itself in the Lawsuits." [K&K Brief, ECF Doc. 8, pg. 13 of 23]. What's not clear is how legal defense costs that may be incurred by a nondebtor in a lawsuit brought by a nondebtor gives the nondebtor defendant standing to litigate stay relief applicable to the debtor. Again, K&K's argument proves too much. Essentially, its wants the benefit of an automatic stay without filing its own bankruptcy case.

Third, the parties are aligned regarding the lack of evidence presented concerning the state and federal court litigation. Nothing was offered by MMA that proceeding against MMA as a nominal defendant would complicate the main bankruptcy case. To the contrary, as will be shown by the Stipulation and Order to be filed, the parties now agree that the litigation should proceed forward.

In sum, the parties are in agreement that the stay should be lifted. Plaintiffs respectfully request that this Court enter the proposed Stipulation and Order to be filed, and thereafter the parties will request dismissal of this appeal.

4

**CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(B) or 8016(d)(2)**

This brief complies with the type volume limitation of Rule 8015(a)(7)(B) because:

This brief contains 966 words, including the parts of the brief exempted by Rule 8015(a)(7)(B)(iii).

*/s/ Leo D. Congeni*

_____

**LEO D. CONGENI**


**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply was filed on April 9, 2026, resulting in service on those persons requesting electronic service via the Court's CM/ECF system.

*/s/ Leo D. Congeni*

_____

**LEO D. CONGENI**